IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


R. CASPER ADAMSON, Inmate #290440,
     Plaintiff,

vs.                                Case No. 3:09cv49/MCR/EMT

LT. J. SCHWARZ, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate of the Florida Department of Corrections (DOC), proceeding pro se, initiated this action by filing a Petition for Declaratory Judgment pursuant to 28 U.S.C. § 1651 and a motion for leave to proceed in forma pauperis (Docs. 1, 2).

      Plaintiff names four Defendants in this action:  Lt. J. Schwarz, Sgt. Larson, Sgt. Dove, and Classification Officer S.S. Dove, all of whom are correctional officers at Santa Rosa Correctional Institution (Doc. 1 at 1–3).  Plaintiff states that on October 19, 2007, nearly seventeen (17) months ago, he was gassed with pepper spray on three separate occasions by Lt. Schwarz, and Sgt. Larson videotaped the incidents (*id.* at 2).  Plaintiff states Sgt. Larson filed a disciplinary report stating the use of force was necessary because Plaintiff repeatedly kicked his cell door and yelled on the wing over a three-hour period, and multiple counseling attempts failed to correct his behavior (*id.* at 2–3).  Plaintiff states the real reason for the use of force was retaliation by Classification Officer Dove, who encouraged her husband, Sgt. Dove, to arrange the "gas party" in retaliation for Plaintiff's filing grievances against her and Plaintiff's making comments about her in letters to his friends (*id.* at 3).  Plaintiff alleges the disciplinary report was dismissed at a hearing held on October 31, 2007, after the camera in his cell block showed that he was gassed at least two hours prior to the time stated in Sgt. Larson's report (*id.*).  Additionally, the camera did not support Larson's claim that multiple counseling sessions were provided to Plaintiff (*id.*).  Plaintiff states he wishes to pursue a civil rights

action against Defendants under 42 U.S.C. § 1983, but he has had three cases previously dismissed for failure to state a claim, and he is not in imminent danger of serious physical injury; therefore, pursuant to 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act (PLRA), he is precluded from proceeding in forma pauperis (*id.* at 3–5).  Plaintiff contends the "three strikes" provision violates the First Amendment, and he seeks relief in the form of a declaratory judgment declaring 28 U.S.C. § 1915(g) unconstitutional (*id.* at 5–10).

Pursuant to the "three strikes" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff concedes that he has "three strikes" (Doc. 1 at 3–4).  Indeed, in Adamson v. McClellan, Case No. 3:06cv549/LAC/MD (N.D. Fla. Feb. 2, 2007), a case identified by Plaintiff in the instant petition, the District Judge adopted the Magistrate Judge's report and recommendation determining that Plaintiff is no longer entitled to proceed in forma pauperis on any case and must pay the $350.00 filing fee in full before proceeding unless he is "under imminent danger of serious physical injury."  Order, Adamson v. McClellan, Case No. 3:06cv549/LAC/MD (N.D. Fla. Feb. 2, 2007).  In the report and recommendation adopted by the District Judge in that case, the court took judicial notice "that of the plaintiff's myriad [of] previously filed lawsuits, at least four have been dismissed as frivolous, malicious or for failure to state a claim."  Report and Recommendation at 1,  Adamson v. McClellan, Case No. 3:06cv549/LAC/MD (N.D. Fla. Dec. 28, 2006).  Therefore, this court takes judicial notice that the court in Adamson v. McClellan previously determined that Plaintiff has "three strikes."

Additionally, Plaintiff is clearly still a prisoner, and the instant action qualifies as a "civil action" under 28 U.S.C. § 1915(g) because the nature of the action is an independent civil action, as opposed to a type of civil appeal or criminal action, invoking the court's federal question

jurisdiction under 28 U.S.C. § 1331 and seeking declaratory relief.[1] *See, e.g.,* <u>Trice v. Vazquez</u>, No. CIVA CV206-185, 2006 WL 3191175 (S.D. Ga. Nov. 1, 2006) (dismissing plaintiff's action for declaratory and injunctive relief, filed pursuant to 28 U.S.C. §§ 1651, 2202, under "three strikes" provision of PLRA); <u>McGlamry v. Lappin</u>, No. CIVA CV206-119, 2006 WL 2036992 (S.D. Ga. July 18, 2006) (dismissing plaintiff's action for declaratory relief, filed pursuant to 28 U.S.C. § 2202, under "three strikes" provision of PLRA). Furthermore, Plaintiff concedes he is not under imminent danger of serious physical injury (Doc. 1 at 5). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2.      That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 19<u>th</u> day of March 2009.


                                    /s/ *Elizabeth M. Timothy*
                                    **ELIZABETH M. TIMOTHY**
                                    **UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1]Plaintiff may not avoid dismissal under § 1915(g) by characterizing his initial pleading as a petition, instead of a complaint, and stating that he is bringing this action pursuant to 28 U.S.C. § 1651, the All Writs Act. The All Writs Act does not provide an independent basis of federal subject matter jurisdiction; it merely permits the court to issue writs in aid of the court's statutorily defined subject matter jurisdiction. *See* <u>Henson v. Ciba-Geigy Corp.</u>, 261 F.3d 1065, 1070 (11th Cir. 2001) (citing <u>Clinton v. Goldsmith</u>, 526 U.S. 529, 119 S. Ct. 1538, 1542, 143 L. Ed. 2d 720 (1999)). Thus, Plaintiff may not sue invoking only the court's All Writs power. *Id.*